# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

PEOPLE OF THE VIRGIN ISLANDS,

      PLAINTIFF,

  v.

HUBERT LEE, JR.,

      DEFENDANT.

SX-2017-CR-210

---

PEOPLE OF THE VIRGIN ISLANDS,

      PLAINTIFF,

  v.

YOUAN RODRIGUEZ,

      DEFENDANT.

SX-2017-CR-145

CITE AS: 2022 VI SUPER 60

**Appearances:**

**Patricia Lynn Pryor, Esq.**
**Amie M. Simpson, Esq.**
Department of Justice
St. Croix, U.S. Virgin Islands
*For People of the Virgin Islands*

**Yohana M. Manning, Esq.**
Manning Legal Services PC
St. Croix, U.S. Virgin Islands
*For Defendant Hubert Lee, Jr.*

**Martial A. Webster, Sr. Esq.**
Law Office of Martial A. Webster, Sr.
St. Croix, U.S. Virgin Islands
*For Defendant Youan Rodriguez*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Presiding Judge**

**THIS MATTER** is before the Court on the People of the Virgin Islands' (hereinafter "People") motion to allow testimony via video conference at the trial for G.P. and A.W., filed on October 7, 2021, and the People's motion to allow testimony via video conference at the trial for G.P. and A.W., filed on June 13, 2022.

## BACKGROUND

Hubert Lee, Jr. (hereinafter "Lee") and Youan Rodriguez (hereinafter "Rodriguez") were arrested and subsequently charged with various offenses based on the events that took place on or about May 6, 2017. G.P. was the alleged victim of these offenses and A.W. was an alleged eyewitness to some of these offenses. Trial for this matter was previously scheduled to commence on October 25, 2021. The People's witnesses include G.P. and A.W. On October 7, 2021, the People filed a motion to allow testimony via video conference at the trial for G.P. and A.W. Trial was subsequently rescheduled to commence on June 21, 2022. On June 13, 2022, the People filed another motion to allow testimony via video conference at the trial for G.P. and A.W.

## STANDARD OF REVIEW

The Sixth Amendment of the of the U.S. Constitution is applicable in the Virgin Islands pursuant to section 3 of the Revised Organic Act of 1954. Title 48 U.S.C. § 1561. The Confrontation Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right... to be confronted with the witnesses against him." U.S. Const. amend. VI. "[T]he United States Supreme Court has repeatedly noted the near unanimity with which it has consistently expressed the belief that 'the right of confrontation... is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal." *Rawlings v. People of the Virgin Islands*, 61 V.I. 593, 607 (V.I. 2014) (quoting *Barber v. Page*, 390 U.S. 719, 721 (1968)).

"The Confrontation Clause is implicated when a 'declarant's statement is introduced against the defendant at trial and the declarant does not appear at trial.'" *Rawlings*, 61 V.I. at 606 (quoting *Rivera v. People*, 53 V.I. 589, 593 (V.I. 2010) (citing *Crawford v. Washington*, 541 U.S. 36, 50 (2004))). "To remedy the dangers of admitting an out-of-court statement when the witness is not present at trial, the right of confrontation insured that the witness gave his statements under oath, submitted to cross-examination, and 'permit[ted] the jury that is to decide the defendant's fate to observe the demeanor of the witness in making his statement, thus aiding the jury in assessing his credibility.'" *Rawlings*, 61 V.I. at 607 (quoting *California v. Green*, 399 U.S. 149 (1970)). In *Maryland v. Craig*, the United States Supreme Court held that "[t]he Confrontation Clause reflects a preference for face-to-face confrontation at trial, a preference that must occasionally give way to considerations of public policy and the necessities of the case." 497 U.S. 836, 849 (1990). The United States Supreme Court explained, "a defendant's right to confront accusatory witnesses may be satisfied absent a physical, face-to-face confrontation at trial only where denial of such confrontation is necessary to further an important public policy and only where the reliability of the testimony is otherwise assured." Id., 497 U.S. at 850.

## DISCUSSION

### 1. October 7, 2021 Motion

Given that trial was rescheduled, the October 7, 2021 motion is moot.

### 2. June 13, 2022 Motion

In the June 13, 2022 motion, the People requested the Court to allow "G.P. and A.W. to testify at trial via live remote video conference" or in the alternative, the Court to allow "the testimony of G.P. and A.W. be conducted outside the presence of the Defendants in a manner that will not violate any of their Constitutional rights." (Motion 11.) The People made the following assertions in support

of their request: (i) The People are "seeking the Court's assistance in providing special attention to the primary victim and witness" pursuant to the Victim's and Witness' Bill of Rights, Title 34 V.I.C. § 201, et seq. (Id., at 5); (ii) "While the Confrontation Clause of the Sixth Amendment of the United States Constitution grants an accused the right to confront the witnesses against him, modifications to face-to-face confrontation have been allowed"[1]—to wit, "[T]he jury and the defendants will have at least as much, if not more, opportunity to cross-examine and observe the witnesses via live remote testimony, as they would were the witnesses to testify behind a plexiglass divider while wearing a face covering" and "[t]here will be no violation of the right to confrontation through the use of live remote video conferencing, such as this Court has used to conduct multiple court proceedings since March 2020." (Id., at 5, 7); (iii) The nature of the crimes involved, and the COVID-19 pandemic, are compelling public policy considerations in favor G.P. and A.W. being allowed to testify remotely via live video conferencing.[2] (Id., at 8); (iv) "No one can imagine how a face-to-face confrontation with these Defendants would affect either of these witnesses, but allowing them to testify via live remote technology would likely prevent their inability to testify accurately about the events." (Id.); and (v) Both G.P. and A.W. were minors when the charged crimes were committed, albeit they have both reached adulthood during the pendency of this matter, and under the Virgin Islands Code and the Virgin Islands Rules of Evidence, minor victims are permitted to provide testimony by video or closed-circuit video-taped presentation.[3] (Id., at 9)

---

[1] The People referenced: *Craig*, 497 U.S. 836; *Coy v. Iowa*, 487 U.S. 1012 (1988); *United States v. Gigante*, 166 F.3d 75, 80 (2d Cir. Jan. 22, 1999); *People of the Virgin Islands v. Warner*, 20202 V.IU. LEXIS 88 (V.I. Super. Ct. 2020); *United States v. Davis*, 2020 U.S. Dist. LEXIS 196624; *United States v. Rosenau*, 870 F. Supp. 2d 1109 (2012).

[2] The People referenced: *United States v. Harris*, 2018 U.S. Dist. LEXIS 70660; *United States v. Sapse*, 2012 U.S. Dist. LEXIS 154801.

[3] The People referenced: Title 5 V.I.C. § 3510; V.I. R. Evid. 26.

In his opposition, Lee argued that the Court should deny the People's motion. Lee made the following assertions in support of his argument: (i) The Court "continued the trial until this summer, so that the witnesses could get their affairs in order and appear for this trial in person." (Opp. 1); (ii) "While the failure to perform a *Banks* Analysis in and of itself should cause the motion to fail, as explained below the principal case the Government relies on, *Gigante* is not controlling or even persuasive authority for the presentation of testimony via remote means." (Id.); (iii) "The People fail to provide documentary support for their allegations which precludes this Court from making specific factual findings." (Id., at 2); (iv) "In their Motion, the People concede that these witnesses have reached adulthood" and "[t]he People cite no authority that permits an adult to be treated as a child for these purposes." (Id.); (v) "The People acknowledge that the witnesses do not have a class schedule that precludes their physical presence in the Courtroom – which has already been accommodated." (Id.); and (vi) "Defendant does not waive his right to confront his accusers in a public courtroom before a jury of his peers." (Id., at 7); (vii) "[T]he People have failed to identify an important public policy interest that overrides the most significant tool in the search for the truth." (Id.)

In his opposition, Rodriguez argued that the Court should deny the People's motion. Rodriguez made the following assertions in support of his argument: (i) "The People asserted a number of reasons in its motion for its requests to allow testimony by teleconference, none of which is supported by affidavit or documentation by a physician or therapist on behalf of the potential witnesses concerning their mental health or inability to travel to St. Croix to give testimony in the case." (Opp. 1); (ii) As for COVID-19, "courts have made adequate preparation for such trials" and "[t]herefore, the pandemic, which has now been downgraded to an endemic, should not be a factor." (Id., at 2); (iii) "As far as the witnesses' education is concerned, the Court has schedule, and can

schedule the trial for a time of the year the witnesses are not required to be in school."(Id.); (iv) "The facts in the case under consideration are not even similar to the Craig's analysis or any other case cited by the People." (Id., at 3); (v) "[T]here is no expert, or evidence for that matter, other than the prosecutions bald statements that the proposed witnesses would be traumatized by a face-to-face confrontation with the defendants [or]... any evidence or anything to suggest that the witnesses' testimony via video teleconference rather than face-to-face confrontation is 'necessary to further an important public policy.'" (Id., at 3-4); and (vi) "The People has presented no compelling evidence thus far that demonstrates a need to resort to the unusual procedures set forth in its motion" under Title 5 V.I.C. § 3510. (Id., at 4.)

The Court must point out that the People raised complex questions of confrontation clause issues on the eve of trial when it had more than ample opportunity to raise these issues earlier. The Court finds this to be troubling.[4]

As noted above, under *Craig*, "a defendant's right to confront accusatory witnesses may be satisfied absent a physical, face-to-face confrontation at trial only where denial of such confrontation is necessary to further an important public policy and only where the reliability of the testimony is otherwise assured." 497 U.S. at 850. Here, the People's analysis of the public policy is bareboned and failed to identify and articulate the important public policy—to wit, the People simply stated that "[t]he nature of the crimes can be taken into account when determining the existence of a compelling public policy" and that "COVID-19 pandemic has added another lawyer to the public policy considerations." Based on the People's statements as to G.P. and A.W.'s mental health, it appears that the People is arguing for the public policy of the protection of victims from further trauma. However,

---

[4] The People filed their motion on June 13, 2022. The Court ordered Lee and Rodriguez to file their opposition by June 16, 2022. The trial commences on June 21, 2022. This case was set for trial on at least two prior occasions along with numerous hearings.

the United States Supreme Court stated that "[i]n holding that the use of this procedure violated the defendant's right to confront witnesses against him, we suggested that any exception to the right 'would surely be allowed only when necessary to further an important public policy' -- *i. e.*, only upon a showing of something more than the generalized, legislatively imposed presumption of trauma' underlying the statute at issue in that case." *Craig*, 497 U.S. at 844-45. The People have not made the showing of something more than the generalized, legislatively imposed presumption of trauma. In fact, the statements the People made about G.P. and A.W.[5] were not supported by anything from the witnesses themselves or any documentation. As to COVID-19, given that the Court has taken adequate preparation and precautions in the courtroom in response to COVID-19 and that there is no indication that G.P. and A.W. have medical conditions that create a heightened risk of severe illness

---

[5] In their June 13, 2022 motion, the People stated:

4. G.P. is no longer a resident of the Virgin Islands, and she is currently enrolled in college. She will be a senior in college with a strenuous class schedule that will start days after the beginning of this trial.

5. A.W. is also a college student located off island at this time. She has a full court load, a leadership position in three organizations and is working three jobs to pay for college.

6. Both G.P. and A.W. have undergone extensive therapy and counseling since this incident, and it would be detrimental to the mental health of each of them should they be required to testify in the presence of the Defendants. Both G.P. and A.W. had guns pointed at them, and G.P. was violently and repeatedly raped.

7. Having to be in the same room with their attackers would likely lead to significant setbacks in their mental health; and both G.P. and A.W. indicated to undersigned counsel that they may have to withdraw from school if required to undergo testimony in the same room with the Defendants, based on the decline in their mental health just since learning of this trial date and in order to maintain their current GPAs.

8. The aforementioned rapes, along with kidnapping and other charges, occurred while the victim and witness lived here in St. Croix. They later relocated as they did not feel safe any longer on the island. Returning to face the Defendants would inevitably increase the damage to their mental health, cause severe emotional distress, impair their ability to testify effectively in their presence, and negatively impact their successes in their college courses.

9. A,W. was with G.P. just prior to her kidnapping, but A.W. was able to get away from the Defendants. While not directly a victim of the crimes in this information, A.W. shares many of the concerns about facing the Defendants and travel back to the island for the purpose of testifying.

10. Because of the significant amount of time and expense necessary to travel to and from the Virgin Islands, as well as the fact that both are full-time college students in the midst of their senior year, with a regular work schedule, it would be considerably problematic at this time for G.P. or A.W. to testify at trial.

11. Both G.P. and A.W. are able to testify via video conferencing.

(June 13, 2022 Motion.)

from COVID-19, the Court finds the People's argument unpersuasive. Thus, the Court does not find any important public policy being furthered to deny such confrontation of witnesses. While the People cited to *Gigante*, a Second Circuit of the United States Court of Appeals case, as support for not applying the two-part *Craig* test, *Gigante* is not controlling authority here. Thus, under *Craig*, G.P. and A.W. are not allowed to testify at trial via live remote video conference.

The Court will address the other reasons the People asserted in support their request to allow G.P. and A.W. to testify at trial via live remote video conference. Here, G.P. and A.W. are both adults. The People cited no authority and made no substantive argument in support of its reasoning that Title 5 V.I.C. § 3510, which concerns minors, is applicable to G.P. and A.W. Furthermore, G.P. and A.W. are not very young, elderly, handicapped, or have special need to require special recognition and attention under the Victim's and Witness' Bill of Rights. *See* Title 34 V.I.C. § 203(g) ("***Victims and witnesses who are very young, elderly, who are handicapped, or who have special needs, have a right to special recognition and attention by all criminal justice, medical, and social service agencies.*** The court shall treat "special" witnesses sensitively, using closed or taped sessions when appropriate. The prosecutor or defense shall notify the court when a victim or witness deserves special consideration.").

Based on the foregoing, the Court will deny the People's request to allow "G.P. and A.W. to testify at trial via live remote video conference." The Court will also deny the People's alternative request to allow "the testimony of G.P. and A.W. be conducted outside the presence of the Defendants in a manner that will not violate any of their Constitutional rights." Here, the prosecution will likely rely heavily on the testimonies of G.P., as the alleged victim, and A.W., as an alleged eyewitness. Thus, it is particularly important for the jury that is to decide the defendants' fate to observe their demeanor as they testify. While current technology allows for the opportunity to see and hear a

witness through two-way video, having a live witness testify in person from the witness stand inside the courtroom provides the jurors a more comprehensive and continuous view of the witness that may otherwise be missed with two-way video, especially in anticipation of technical glitches that may cause interruptions to the jurors' view of the witness. *See Rawlings*, 61 V.I. at 607 ("To remedy the dangers of admitting an out-of-court statement when the witness is not present at trial, the right of confrontation insured that the witness gave his statements under oath, submitted to cross-examination, and 'permit[ted] the jury that is to decide the defendant's fate to **observe the demeanor of the witness in making his statement**, thus aiding the jury in assessing his credibility.'") (Emphasis added).

## CONCLUSION

For the reasons stated above, it is hereby:

**ORDERED** that the People's motion to allow testimony via video conference at the trial for G.P. and A.W., filed on October 7, 2021, is **DENIED AS MOOT**. And it is further:

**ORDERED** that the People's motion to allow testimony via video conference at the trial for G.P. and A.W., filed on June 13, 2022, is **DENIED IN THE ENTIRETY**.

**DONE and so ORDERED this** ___ **day of June, 2022.**

**ATTEST:**
Tamara Charles,
Clerk of the Court

By: _____
Court Clerk Supervisor II
Dated: ___6/21/2022___

Harold W.L. Willocks
**Presiding Judge of the Superior Court**

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| PEOPLE OF THE VIRGIN ISLANDS,<br><br>PLAINTIFF,<br><br>v.<br><br>HUBERT LEE, JR.,<br><br>DEFENDANT. | SX-2017-CR-210 |

| | |
|---|---|
| PEOPLE OF THE VIRGIN ISLANDS,<br><br>PLAINTIFF,<br><br>v.<br><br>YOUAN RODRIGUEZ,<br><br>DEFENDANT. | SX-2017-CR-145<br><br>CITE AS: 2022 VI SUPER 6\ |

**Appearances:**

**Patricia Lynn Pryor, Esq.**
**Amie M. Simpson, Esq.**
Department of Justice
St. Croix, U.S. Virgin Islands
*For People of the Virgin Islands*

**Yohana M. Manning, Esq.**
Manning Legal Services PC
St. Croix, U.S. Virgin Islands
*For Defendant Hubert Lee, Jr.*

**Martial A. Webster, Sr. Esq.**
Law Office of Martial A. Webster, Sr.
St. Croix, U.S. Virgin Islands
*For Defendant Youan Rodriguez*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Presiding Judge**

**THIS MATTER** is before the Court on the People of the Virgin Islands' (hereinafter "People") motion to allow Link Baltimore, Jr.'s testimony at trial of pursuant to Rule 804 of the Virgin Islands Rules of Evidence, filed on June 13, 2022.

## BACKGROUND

Hubert Lee, Jr. (hereinafter "Lee"), Youan Rodriguez (hereinafter "Rodriguez"), and Link Baltimore, Jr. (hereinafter "Baltimore") were arrested and subsequently charged with various offenses based on the events that took place on or about May 6, 2017, Criminal Case Nos. SX-2017-CR-210, SX-2017-CR-145, and SX-2017-CR-144, respectively. Subsequently, Baltimore made statements to Detective Frankie Ortiz at the Virgin Islands Policy Department (hereinafter "VIPD"). The three criminal matters—Criminal Case Nos. SX-2017-CR-210, SX-2017-CR-145, and SX-2017-CR-144—were subsequently consolidated. On or about June 18, 2019, Baltimore passed away and his case was terminated. Subsequently, the Court scheduled the trial for Lee and Rodriguez—Criminal Case Nos. SX-2017-CR-210 and SX-2017-CR-145—to commence on June 21, 2022. On June 13, 2022, the People filed this instant motion.

## STANDARD OF REVIEW

The Sixth Amendment of the of the U.S. Constitution is applicable in the Virgin Islands pursuant to section 3 of the Revised Organic Act of 1954. Title 48 U.S.C. § 1561. The Confrontation Clause of the Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right... to be confronted with the witnesses against him." U.S. Const. amend. VI; *Crawford v. Washington*, 541 U.S. 36, 43 (2004). "[T]he United States Supreme Court has repeatedly noted the near unanimity with which it has consistently expressed the belief that 'the right of confrontation... is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal." *Rawlings v. People of the Virgin Islands*, 61 V.I. 593, 607 (V.I. 2014) (quoting *Barber v. Page*, 390 U.S. 719, 721 (1968)).

"The Confrontation Clause is implicated when a 'declarant's statement is introduced against the defendant at trial and the declarant does not appear at trial.'" *Rawlings*, 61 V.I. at 606 (quoting *Rivera v. People*, 53 V.I. 589, 593 (V.I. 2010) (citing *Crawford*, 541 U.S. at 50)). "To remedy the dangers of admitting an out-of-court statement when the witness is not present at trial, the right of confrontation insured that the witness gave his statements under oath, submitted to cross-examination, and 'permit[ted] the jury that is to decide the defendant's fate to observe the demeanor of the witness in making his statement, thus aiding the jury in assessing his credibility.'" *Rawlings*, 61 V.I. at 607 (quoting *California v. Green*, 399 U.S. 149 (1970)). "The United States Supreme Court has held that a testimonial statement cannot be admitted against the accused at trial when the declarant does not testify at trial, 'unless she [is] unavailable to testify, and the defendant [has] had a prior opportunity for cross-examination.'" *Rawlings*, 61 V.I. at 607 (quoting *Crawford*, 541 U.S. at 53-54); *see Cascen v. People of the V.I.*, 60 V.I. 392, 410 (V.I. 2014). The People has the burden of establishing that declarant is unavailable. *Id*, 61 V.I. at 608.

## DISCUSSION

In their motion, the People requested the Court to allow "the People's witnesses to testify at trial about the statements made by Baltimore." (Motion 8.) The People made the following assertions in support of their request: (i) "[T]he Court held that a defendant's right to confront accusatory witnesses may be satisfied absent a physical, face-to-face confrontation at trial: 1) where denial of such confrontation is necessary to further an important public policy, and 2) where the reliability of the testimony is otherwise assured."[1] (Motion 4); and (ii) Baltimore's statements to the VIPD fall within the hearsay exception under Rule 804(a)(4) and Rule 804(b)(3) of the Virgin Islands Rule of Evidence.[2]

---

[1] The People referenced: *Maryland v. Craig*, 497 U.S. 836, 850 (1990); *Coy v. Iowa*, 487 U.S. 1012 (1988).

[2] The People referenced: *United States v. Moses*, 148 F.3d 277, 280 (3d Cir. 1998); *Chambers v. Mississippi*, 410 U.S. 284, 300-01 (1973); *U.S. v. Boyce*, 849 F.2d 833, 836-67 (3d Cir. 1988); *Richardson v. GVI*, 2011 U.S. Dist. LEXIS

In his opposition, Lee argued that the Court should deny the People's motion. Lee made the following assertions in support of his argument: (i) "The statements that the People seek to admit were not previously subject to cross examination." (Opp. 1); (ii) "These alleged statements were also unsworn." (Id.); (iii) Lee "does not waive his right to confront any person in an open and public courtroom who accuses him of such claim," a right provided by the Confrontation Clause of the Sixth Amendment.[3] (Id.); (iv) Baltimore's statement is "clearly testimonial" and Rule 804 of the Virgin Islands Rule of Evidence "cannot override Defendant's constitutional right to confront his accuser, nor can the Rule be applied in the face of clearly settled Virgin Islands Supreme Court precedent." (Id., at 2); and (v) "[T]his procedure is impermissible in light of the precedent that binds this Court: *Tyson, Cascen, Crawford, Melendez-Diaz*, or even the plain language of the Sixth Amendment." (Id.)

In his opposition, Rodriguez argued that the Court should deny the People's motion. Rodriguez made the following assertions in support of his argument: (i) "The statements the People want the Court to admit at trial are out of court statements taken from the deceased defendant by law enforcement officers where there has been no adoption of those statements by the witness himself." (Opp. 1-2); (ii) "A statement against interest offered by the prosecution to inculpate another was held not to be firmly rooted exception for the Confrontation Clause analysis."[4] (Opp. 2); and (iii) Baltimore's statements are testimonial and were not previously subject to cross examination.[5] (Opp. 2-3).

As noted above, "[t]he United States Supreme Court has held that a testimonial statement cannot be admitted against the accused at trial when the declarant does not testify at trial, 'unless she

---

105146 (2011); *Mosby v. GVI*, 2011 U.S. Dist. LEXIS 107946 (2011); *U.S. v. Berrios*, 676 F.3d 118, 128 (3d. Cir. 2012); *U.S. v. Mussare*, 405 F.3d 161, 168 (3d. Cir. 2005).

[3] Lee referenced: U.S. Const. amend VI; *Coy*, 487 U.S. at 1016; *Cascen*, 60 V.I. at 410; *Tyson v. People of the V.I.*, 59 V.I. 539 (V.I. 2013).

[4] Rodriguez referenced: *Lilly v. Virginia*, 527 U.S. 116, 119 (1999).

[5] Rodriguez referenced: *Crawford*, 541 U.S. at 49-69; *Davis v. Washington*, 547 U.S. 813 (2006).

[is] unavailable to testify, and the defendant [has] had a prior opportunity for cross-examination,'" *Rawlings*, 61 V.I. at 607. Here, the People clearly met their burden of establishing that Baltimore, the deceased, is unavailable. However, there is no indication as to whether Lee and Rodriguez had a prior opportunity to cross-examine Baltimore. In fact, the People failed to address this issue altogether in their motion. "It is not the Court's job to research and construct legal arguments open to parties … In order to develop a legal argument effectively, the facts at issue must be bolstered by relevant legal authority; a perfunctory and undeveloped assertion is inadequate." *V.I. Taxi Association v. West Indian Company, Limited*, 2016 V.I. LEXIS 170, *4 (Super. Ct. Oct. 18, 2016) (citing *Charles v. CBI Acquisitions, LLC*, 2016 V.I. LEXIS 62, *27 n. 66). The Court declines to make such argument on the People's behalf. *See Joseph v. Joseph*, 2015 V.I. LEXIS 43, *5 (V.I. Super. Ct. Apr. 23, 2015) ("[I]n general, the Court will not make a movant's arguments for him when he has failed to do so."). Since the People failed to show that Lee and Rodriguez had been given a prior opportunity to cross-examine Baltimore, admitting Baltimore's statements at trial would violate Lee and Rodriguez's constitutional right to confront the witness against them. *See Browne v. People of the V.I.*, 56 V.I. 207, 228 (V.I. 2012) ("And since the People failed to show that Dr. DuPre was unavailable to testify **and that the defendant had been given a prior opportunity to cross-examine her**, admitting the death certificates into evidence violated Jeffrey's constitutional right to confront the witnesses against him.) (Emphasis added). Regardless of whether Baltimore's statements fall within a hearsay exception as argued by the People, the fact of the matter is that admitting Baltimore's statements would be a violation of confrontation values. *See Browne*, 56 V.I. at 228 n.14 ("The United States Supreme Court has clearly held that in addition to qualifying under an exception to the hearsay rules, a statement must also be non-testimonial in order to be admissible absent confrontation."); *see also Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324 (2009) (holding that even if a statement qualifies for admission under an exception to the hearsay rules, if it is testimonial its maker is subject to

confrontation under the Sixth Amendment); *Green*, 399 U.S. at 155-56 ("While it may readily be conceded that hearsay rules and the Confrontation Clause are generally designed to protect similar values, it is quite a different thing to suggest that the overlap is complete and that the Confrontation Clause is nothing more or less than a codification of the rules of hearsay and their exceptions as they existed historically at common law. Our decisions have never established such a congruence; indeed, we have more than once found a violation of confrontation values even though the statements in issue were admitted under an arguably recognized hearsay exception.") (Citations omitted). Accordingly, the Court will deny the People's motion. *See Rawlings*, 61 V.I. at 610 (quoting *Barber v. Page*, 390 U.S. 719, 724 (1968) ("The right of confrontation may not be dispensed with so lightly.")).

## CONCLUSION

Based on the foregoing, it is hereby:

**ORDERED** that the People's motion to allow Baltimore's testimony at trial pursuant to Rule 804 of the Virgin Islands Rules of Evidence, filed on June 13, 2022, is **DENIED**.

**DONE and so ORDERED this $\partial^{1st}$ day of June, 2022.**

**ATTEST:**
Tamara Charles,
Clerk of the Court

By:_____
Court Clerk Supervisor II
Dated: 6/21/2022

Harold W.L. Willocks
**Presiding Judge of the Superior Court**

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

**People of the Virgin Islands**
**v. HUBERT WYLLIS LEE**

Case Number: **SX-2017-CR-00210**
Charges: **14 V.I.C. 1701(2) - Rape 1st Degree By Forcibly Overcoming Resistance**
**14 V.I.C. 295(2) - Assault 1st. Degree With Intent To Kill**
**14 V.I.C. 1051 - False Imprisonment And Kidnapping**
**14 V.I.C. 2251(a)(2)(A) - Carry Or Use Dangerous Weapon W/ Intent To Use**
**14 V.I.C. 1382 - Unauthorized Use Of A Vehicle**
**14 V.I.C. 297(1) - Assaults Another With Intent To Commit A Felony**
**14 V.I.C. 2253(a) - Possession Of An Unlicense Firearm**
**14 V.I.C. 1862(2) - Robbery First Degree (2nd Offense)**

## NOTICE of ENTRY
## of
## Memorandum opinion and Order(s)

**To:** Amie M. Simpson, Esq.,          Yohana Manning, Esq.
Patricia Lynn Pryor, Esq.

Please take notice that on June 21, 2022
a(n)          Memorandum Opinion and Order(s)
dated          June 21, 2022          was/were entered
by the Clerk in the above-titled matter.

Dated: June 21, 2022

Tamara Charles
**Clerk of the Court**

By:

*Janeen Maranda*

**Janeen Maranda**
**Court Clerk II**